# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **BRUCE H. PERKINS,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.:** _____ |
| ) | |
| v. ) | |
| ) | |
| **GREENWAY AUTOMOTIVE,** ) | |
| **INC., and UNIVERSITY** ) | |
| **AUTOMOTIVE, INC., d/b/a** ) | |
| **UNIVERSITY KIA, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

1. This is an action on behalf of Plaintiff, Bruce H. Perkins, against his former employer pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 to -219.

## PARTIES

2. Plaintiff is a citizen and resident of the State of Alabama.

3. Defendant Greenway Auto Group, Inc. ("Greenway") is a Florida corporation that owns and operates automobile dealerships in Alabama, including, but not limited to, "University Kia" in Huntsville, Alabama, and was the employer of Plaintiff as that term is contemplated by the FLSA.

1

4. Defendant, University Automotive, Inc. (d/b/a "University KIA" and or "University Kia, Inc.") (hereinafter "University Kia") is a Florida corporation doing business by registered agent in Huntsville, Madison County, Alabama, and was the employer of Plaintiff as that term is contemplated by the FLSA.

5. Upon information and belief, University Kia is a wholly-owned subsidiary of Greenway.

6. Defendants Greenway and University Kia (collectively referred to as "Defendant" below) constitute a single employer or integrated enterprise for the purposes of the FLSA.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is found in 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

8. The claims herein arise under the provisions of §§ 207(a), 215 and 216 of the Fair Labor Standards Act (28 U.S.C. § 201, et seq.) and the provisions of 29 U.S.C. § 251, et seq. (portal-to-portal pay). In connection with the acts and course of conduct alleged in this Complaint, Defendant is engaged is commerce or in the production of goods for commerce. Plaintiff is likely also engaged in commerce.

9. Venue is proper in this District under § 1391 of Title 28 of the United States Code because a substantial part of the acts and conduct charged herein occurred in this District.

## FACTUAL ALLEGATIONS

10. Plaintiff was a full-time employee of Defendant within the meaning of the FLSA at all times relevant to this action, including until his termination on March 28, 2019.

11. At all relevant times, the Plaintiff was performing job functions and duties in the position identified by Defendant as "Accounting Clerk" and was an employee as that term is contemplated in the FLSA.

12. Plaintiff is owed overtime compensation through the date of his termination.

13. While employed by Defendant, Defendant failed to pay overtime to Plaintiff and failed to comply with the provisions of the Portal-to-Portal Act, all in violation of the provisions of 29 U.S.C. § 201, et seq., and 29 U.S.C. § 251, et seq.

14. During his employment, Plaintiff was required to work in excess of forty (40) hours a week without proper overtime compensation.

15. During substantial periods of time, Plaintiff worked overtime hours for which he was only compensated at his regular pay and, in addition, worked substantial hours per year driving and running errands on behalf of Defendant during the course of his employment for which he was also not compensated in excess of working forty (40) hours.

16. This willful and illegal pattern or practice on the part of Defendant with regard to overtime compensation, including portal-to-portal pay, is and was in violation of the Fair Labor Standards Act and was carried out by the Defendant in an illegal and wrongful pattern or practice regarding overtime compensation for Plaintiff.

17. Defendant knew and/or showed reckless disregard for whether its conduct was prohibited in regard to failing to compensate Plaintiff for overtime. Particularly, Defendant repeatedly directed Plaintiff to forgo seeking overtime pay or otherwise face termination or other retaliation during his employment.

## COUNT ONE - FLSA, 29 U.S.C. §§ 207, 216(b)

18. Count One arises from the allegations pleaded *supra* at Paragraphs 1 through 17.

19. Defendant's practice of failing to pay overtime compensation for all work in excess of forty (40) hours per week to Plaintiff was in violation of the FLSA.

20. Plaintiff is entitled to an award of his unpaid overtime compensation at the rate of one and one-half times his regular pay during the applicable time period.

Therefore, Plaintiff prays for judgment against the Defendant for unpaid overtime for the applicable time period, together with pre-judgment interest, compensatory damages, liquidated damages, attorneys' fees for the attorneys

representing the Plaintiff, and such other and further relief as the Court may deem just and proper.

## **COUNT TWO – FLSA, 29 U.S.C. §§ 207, 216(b)**

21. Count One arises from the allegations pleaded *supra* at Paragraphs 1 through 17.

22. Defendant's practice of failing to pay overtime compensation for all or some of the work in excess of forty (40) hours to Plaintiff was in violation of the FLSA.

23. Defendant's violations of the FLSA were done willfully, either with knowledge or with reckless disregard as to whether such conduct was prohibited by the FLSA.

24. Plaintiff is entitled to an award of his unpaid overtime compensation, including for portal-to-portal pay, at the rate of one and one-half times his regular pay for the applicable period.

25. Additionally, Plaintiff is entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation, as well as pre-judgment interest, attorneys' fees and costs.

Therefore, Plaintiff prays for judgment against the Defendant for unpaid overtime for the applicable time period, together with pre-judgment interest, compensatory damages, liquidated damages, attorneys' fees for the attorneys

representing the Plaintiff, and such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 4th day of August, 2020.

/s/ *Philip M. DeFatta*
Philip M. DeFatta (ASB-9307-R7F)
*Attorney for Plaintiff*
WATSON MCKINNEY, LLP
200 Clinton Avenue, West, Suite 110
Huntsville, Alabama 35801
(256) 536-7423 telephone
(256) 536-2689 fax
defatta@watsonmckinney.com

## JURY DEMAND

Plaintiff hereby demands a jury for the trial of this cause.

/s/ *Philip M. DeFatta*
Philip M. DeFatta

**Defendants to be served via certified mail at:**

Greenway Automotive, Inc.
c/o William Lowman, Jr., Esq.
1000 Legion Place, Suite 1700
Orlando, Florida 32801

University Automotive, Inc. (d/b/a University Kia)
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104